IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JENNIFER VRABEL, | ) | CASE NO. 1:24 CV 1193 |
| | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| PROGRESSIVE NORTH | ) | |
| RIDGEVILLE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion of Defendant Progressive North Ridgeville, LLC ("Progressive") for Judgment on the Pleadings or, in the alternative, motion in limine to prohibit Plaintiff from introducing evidence of an ADA violation, or a violation of R.C. 4112.02(A) (alleged claims of disability discrimination.)(ECF #24).[1] Plaintiff has filed a brief in opposition and Defendant has filed a reply brief in support. For the reasons that follow Defendant's Motion for partial judgment on the pleadings is granted.

**Factual and Procedural Background**

Plaintiff Jennifer Vrabel filed this action on July 15, 2024 asserting that her former

---

[1] While denoted as a motion for judgment on the pleadings, in fact Defendant seeks partial judgment on the pleadings as to Counts II and III of Plaintiff's Complaint. There is no motion with respect to Plaintiff's claim under the Family Medical Leave Act in Count I of the Complaint.

employer, Defendant Progressive, denied her benefits and rights under the Family Medical Leave Act ("FMLA")(Count I), violated the Americans with Disability Act ("ADA")(Count II)[2], and violated the Ohio Disability law, Ohio Revised Code §§ 4112.02 and 4112.99 (Count III).

The Complaint sets forth Plaintiff's claims under the ADA and Ohio Disability law and the factual support for those claims in relevant part as follows:

> 9. Plaintiff worked for the Defendant as a licensed practical nurse beginning December 3, 2021 until on or about December 2, 2023.
>
> 12. Plaintiff lives with and cares for her father, Robert Vrabel, who at all relevant times has had a serious health condition within the meaning of the FMLA, to wit, cancer.
>
> 13. Defendant approved Plaintiff's request for FMLA intermittent leave to care for her father, which Defendant allowed her to use until on or about December 2, 2023, when Defendant told her she could no longer take intermittent leave but would have to use the remaining FMLA leave in one block of time rather than intermittently.
>
> 16. Defendant laid Plaintiff off, forcing her to find other employment as she needed an income.
>
> 20. Defendant is an employer as defined under the ADA.
>
> 21. At all times relevant Plaintiff's father has had cancer, a recognized disability under the ADA, and was undergoing treatment which required Plaintiff to provide care and comfort on an intermittent basis and for which she previously sought time off.
>
> 22. Defendant knew about Plaintiff's father's disability.

---

[2] Plaintiff appears to have misnumbered her claims for relief in that her claim under the ADA is also designated as Count I. Accordingly, the Court will treat Plaintiff's claim under the ADA as Count II.

23. Plaintiff was qualified for and could perform the essential functions of her job with or without a reasonable accommodation.

24. Defendant failed to accommodate Plaintiff's need to care for her father on an intermittent basis on or after December 2, 2023 but instead required her to take all her unused leave at one time when she only needed to be off on an intermittent basis after he was given his therapy and then only for a short period of time.

25. Plaintiff was fully capable of doing her job with the appropriate accommodation. Instead, Defendant laid Plaintiff off and she was forced to find other employment as she needed an income.

26. As a result of Defendant's actions, Plaintiff suffered significant emotional distress, lost income, promotional opportunities, and other compensatory damages.

27. Defendant acted with malice and/or with reckless indifference to Plaintiff's federally protected rights, in that it discriminated against Plaintiff in the face of a perceived risk that its actions would violate federal law, thereby entitling Plaintiff to an award of punitive damages.

28. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on or about January 30, 2024, EEOC Charge No. 532-2024- 01522 alleging discrimination based on disability as required by law A copy of her charge marked as Exhibit A, is attached hereto.

29. Plaintiff received a Notice of Right to Sue on or after April 30, 2024 from the EEOC giving her ninety (90) days to file suit. A copy of the notice is attached as Exhibit B.

31. By it actions and inactions as set forth in Count Two, Defendant violated Ohio Revised Code § 4112.02(A), which makes it unlawful for any employer to discriminate against an employee because of disability with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment.

32. Defendant acted with malice, thereby entitling Plaintiff to an award of punitive damages.

## Standard of Review

Fed. R. Civ. P. 12(c) provides, "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." The standard of review for a motion for judgment on the pleadings is the same as for a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. Ohio 2001) (citing *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. Tenn. 1998)). "[A]ll well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Poplar Creek Dev. Co. v. Chesapeake Appalachia, L.L.C.*, 636 F.3d 235, 240 (6th Cir. 2011) (citation omitted).

The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Solo v. UPS Co.*, 819 F.3d 788, 793 (6th Cir. Mich. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In construing the pleadings, the Court accepts the factual allegations of the non-movant as true, but not unwarranted inferences or legal conclusions. *Holland v. FCA US LLC*, 656 F. App'x 232, 236-37 (6th Cir. Mich. 2016) (citing *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. Tenn. 2000)).

## Discussion

Defendant moves for judgment on the pleadings as to Plaintiff's claims under the ADA and §4112.02(A) (Counts II and III) because Plaintiff failed to allege that she has a disability

recognized by the statutes.[3] Specifically, Plaintiff seeks to extend the ADA and Ohio law to require an employer to provide an employee without a disability a reasonable accommodation to enable the employee to care for a disabled family member. As such, Plaintiff seeks to extend the bounds of associational discrimination.

The ADA prohibits an employer from discriminating "against a qualified individual on the basis of disability" in regard to the "terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Under the ADA, "discrimination includes a failure to make 'reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability ... unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity.' " *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 839 (6th Cir. 2018) (quoting 42 U.S.C. § 12112(b)(5)(A)). To establish a prima facie case for failure to accommodate, a plaintiff must show that (1) she is disabled under the ADA; (2) she is otherwise qualified for the position, with or without a reasonable accommodation; (3) her employer knew or had reason to know of her disability; (4) she requested a reasonable accommodation; and (5)

---

[3] The state law claims in Count III involve the identical subject matter and issues as in Count II. Federal and state disability discrimination claims, whether brought under the ADA, 42. U.S.C. §12112 et seq., or Ohio's anti-discrimination statute, R.C. 4112.02, are subject to the same evidentiary standards and may be evaluated concurrently. *Cortalillo v. eTech Ohio Comm'n Res.*, 2015 Ohio Misc. Lexis 183, *14 (Court of Claims, Oct. 13, 2015), citing *Jakubowski v. Christ Hosp. Inc.*, 627 f.3d 193, 201 (6 th Cir., 2010). Ohio courts look to the ADA, its regulations, and its interpretation of federal courts for guidance in interpreting the Ohio statute. *Smith v. Bd. Of Cuyahoga County Comm'rs*, 2006-Ohio-1073, ¶20 (8 th Dist.); *Thomas v. PNC Bank, N.A.*, 2018-Ohio-4000, ¶15. See Also *Columbus Ci. Serv. Comm. v. McGlone*, 82 Ohio St. 3d 569, 573 (1998). Accordingly, the claims in Counts II and III will be analyzed together.

the employer failed to provide the reasonable accommodation. *Aldini v. Kroger Co. of Mich.*, 628 F. App'x 347, 350 (6th Cir. 2015). Plaintiff has not alleged that she is disabled under the ADA and thus fails to establish a prima facie case for failure to accommodate.

Instead, Plaintiff asserts, without further analysis, that "a non-disabled person has standing for relief if they can show they suffered an adverse employment action because of their association with a disabled person. See 42 U.S.C. § 12112(b)(4)." (ECF #29 at 1) Section 12112(b)(4) of the ADA, prohibits "excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association." 42 U.S.C. § 12112(b)(4) (2006). Citing the legislative history of this section, the Sixth Circuit explained that this section prohibits employers from declining to hire a qualified applicant because it assumed that the applicant will have to miss work or leave early in order to care for a disabled spouse. However, if the employer hires the applicant, if the person violates a neutral policy concerning attendance or tardiness, the employee may be dismissed even if the reason for the tardiness or absence is to care for the disabled spouse. "**Importantly, employers are not required to provide reasonable accommodations to non-disabled workers under this section of the Act.** See 29 C.F.R. § 1630.8 App. at 379 (2007); *Larimer v. Int'l Bus. Machs. Corp.*, 370 F.3d 698, 700 (7th Cir.2004); *487 *Den Hartog v. Wasatch Acad.*, 129 F.3d 1076, 1084 (10th Cir.1997)." *Stansberry v. Air Wisconsin Airlines Corp.*, 651 F.3d 482, 486–87 (6th Cir. 2011).(Emphasis added.)

The crux of Plaintiff's claims under the ADA and Ohio law is that Defendant failed to accommodate Plaintiff's need to care for her father on an intermittent basis and that she was

fully capable of doing her job with the appropriate accommodation. (See ECF #1, ¶¶ 24, 25) However, since the right to reasonable accommodation is limited to disabled employees under the ADA and does not extend to a non-disabled associate of a disabled family member, Plaintiff's complaint fails to state a claim under the ADA or §4112.02 of the Ohio Revised Code.

## Conclusion

For the reasons stated above, the Defendant's Motion for Partial Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c) (ECF #24) is granted and judgment in favor of Defendant is granted as to Counts II and III of the Complaint.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: September 15, 2025